**FILED**
**AUGUST 18, 2020**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36687-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| EDWIN ESPEJO, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, A.C.J. — Edwin Espejo appeals his conviction for second degree assault, arguing that the trial court erred in removing a juror and the evidence was insufficient to support the jury's verdict. We affirm.

FACTS

The charge arose from a jail assault involving a number of prisoners attacking another. Surveillance video captured much of the incident. A group of inmates entered the victim's cell and several punched him, causing a concussion and a fractured nose among other injuries.

Mr. Espejo's case proceeded to jury trial. A guard identified him on the video as one of the inmates rushing into the cell, but was not allowed to identify him as one of the

assailants throwing punches.  The victim denied being assaulted.  The video was played

for the jury.  Trial resumed at 1:36 p.m. on the final afternoon of testimony with

instructions and argument.

The instructions permitted the jury to convict on theories of direct or accomplice

liability.  At 2:54 p.m., the jury asked to see the video of the assault; the court granted the

request.  Afterward, the jury foreperson sent out a note of concern for the behavior of one

of the jurors:

> Juror #13 seems incoherent about the case.  She says she is a ward of the
> state and keeps going on about seeds & germination.  She talks about Kool
> Aid Red, etc.  Request an alternate please.  She keeps going on about the
> Manhattan conspiracy.

Clerk's Papers at 5.  The note was sent out at 3:50 p.m.  *Id.*  With the agreement of the

parties, the court sent the jury home for the day and took the matter up the following

morning.

Both counsel agreed to limited inquiry of the jurors concerning the situation.  The

foreman stated that all of juror 13's statements were unexpected and unrelated to the

deliberations.  The judge questioned juror 13, who denied being a ward of the state but

acknowledged making that statement because she did not know the meaning of the term

"ward" in reference to "ward of the state."  She spontaneously went into a diatribe about

seeds and trying to understand the term "incoherent" when other jurors claimed she was

"incoherent."  She then went on to describe how Kool Aid red was relevant because "the

mop was pink" and the Manhattan conspiracy was relevant because it was massive like the jury's efforts. She denied any concerns about participating on the jury. After cautioning each juror not to discuss deliberations, the court questioned them about irregularities. Without being prompted, each juror stated that juror 13 could not comprehend the proceedings.

The court decided to dismiss juror 13 due to her "inability to focus, track, and to effectively participate in deliberations." Report of Proceedings at 393. When asked whether he wanted to use the alternate juror or to proceed with 11 jurors, defense counsel spoke with his client and agreed that the alternate should be used. The alternate juror was sworn in and deliberations began anew.

The reconstituted jury convicted Mr. Espejo as charged. The trial court imposed a standard range 8-month term of incarceration. Mr. Espejo timely appealed to this court. A panel considered his case without hearing oral argument.

ANALYSIS

Mr. Espejo contends that the court erred in excusing juror 13 and that the evidence was insufficient to support the verdict. We address the contentions in the order listed.

*Juror 13*

Mr. Espejo argues that the court improperly removed juror 13 due to her view about the defendant's innocence. No evidence supports his theory. The record

establishes that the juror was removed for her unfitness. The trial court did not abuse its discretion in making that determination.

A judge is required to dismiss "any juror, who in the opinion of the judge, has manifested unfitness as a juror by reason of bias*,* prejudice, indifference, inattention or any physical or mental defect or by reason of conduct or practices incompatible with proper and efficient jury service." RCW 2.36.110. The determination of whether or not to dismiss a juror pursuant to this statute is within the discretion of the trial court. *State v. Elmore*, 155 Wn.2d 758, 768-69, 123 P.3d 72 (2005). A trial court abuses its discretion when its decision is manifestly unreasonable, or based on untenable grounds or reasons. *State v. Brown*, 132 Wn.2d 529, 572, 940 P.2d 546 (1997). However, once a jury has begun its deliberation, a heightened evidentiary standard may be applied in the "rare case". *Elmore*, 155 Wn.2d at 778. The "rare case" occurs when a juror is accused of (1) engaging in nullification, (2) refusing to deliberate, or (3) refusing to follow the law. *Id*.

Under those narrow circumstances, the appropriate evidentiary standard for the trial court to apply is that of "any reasonable possibility." *Id*. This standard requires the trial court to determine whether any allegation is the result of the accused juror's views on the sufficiency of the evidence. *Id*. Where there is "any reasonable possibility" that this is the case, the court may not dismiss the juror without committing a due process violation. *Id.* The trial court's application of this standard is reviewed for an abuse of discretion. *Id.* at 781.

4

Mr. Espejo argues this is one of those rare cases. The record does not support his argument. The original note from the jury expressly mentioned only fitness-related behavior. Every juror rendered similar observations; not one mentioned any juror's view of the evidence, let alone juror 13's view. Juror 13's answers to the judge's questioning did not touch on the merits of the case against Mr. Espejo. Instead, all of the information obtained from every juror focused on juror 13's statements and behavior, not her view of the merits of the case.

The veteran trial judge understandably focused solely on the juror's behavior. The court had very tenable grounds for concluding that juror 13 was unfit for continued service on the jury. There was no abuse of discretion.

*Sufficiency of the Evidence*

Mr. Espejo also argues that the evidence is insufficient to show that a crime was committed because the victim denied being assaulted. The jury had ample evidence on which to base its verdict.

We review this claim under very well settled standards. Evidence is sufficient to support a verdict if the trier-of-fact has a factual basis for finding each element of the offense proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980). The evidence is viewed in the light most favorable to the prosecution. *Id*. at 221. Appellate courts defer to the trier-of-fact on issues of conflicting testimony, credibility of

witnesses, and the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71,

794 P.2d 850 (1990).

As charged here:

A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree: (a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm.

RCW 9A.36.021(1). In turn, "substantial bodily injury" means:

"Substantial bodily harm" means bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily part or organ, or which causes a fracture of any bodily part.

RCW 9A.04.110(4)(b).

Although the victim denied that an assault occurred, the video evidence establishes

that it did. A guard identified the defendant as one of those who entered the cell and

testified that he remained there throughout the incident. The jury could assess the

defendant's actions and determine that he landed punches on the victim.

The victim also suffered significant injuries: his right eye was swollen shut, he

suffered a concussion, and his nose was fractured. These injuries all satisfy the

"substantial bodily harm" standard. The evidence was sufficient to establish that a

second degree assault occurred and that Mr. Espejo was one of the attackers.

No. 36687-1-III
*State v. Espejo*


Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, C.J.